## COHN v. TRAVELERS PROTECTIVE ASS'N OF AMERICA.

### No. 996.

District Court, S. D. Iowa, Central Division.

Jan. 7, 1938.

Merrill B. Oransky and Ralph N. Lynch, both of Des Moines, Iowa, for plaintiffs.

Lehmann, Hurlburt & Hossfeld, of Des Moines, Iowa, and Maurice P. Phillips, of St. Louis, Mo., for defendants

678

DEWEY, District Judge (after stating the facts as above).

 The contract between the parties provides that the insured "is entitled to such benefits as may be provided in and by the Constitution and By-Laws and Articles of Incorporation of said Association, in force and effect at the time any accident occurs from which a claim for benefit arises."

Also: "This certificate, the Constitution, By-Laws and Articles of Incorporation of said Association and Application for Membership signed by said member, and all amendments thereto, shall constitute the contract between said Association and said member, and shall govern the payment of benefits. * * * "

And the application for membership, referred to in the certificate and signed by the insured, among other things, says: "I do also agree, if accepted as a member of the Travelers Protective Association, that the benefits shall be effective at twelve o'clock noon on the day on which this application is approved and accepted by the National Board of Directors and that the benefits to be paid shall be those only which may be provided for in the Constitution, By-Laws and Articles of Association in force and effect at the time the accident occurs."

On the back of the certificate above referred to is the following statement, which the court considers as a modification of the above agreements as to benefits, and reads as follows:

"The following benefits are paid subject to the conditions, exceptions and limitations of the Constitution of the Association and amendments thereto, whenever a member in good standing shall, independently of all other causes, through external, violent and accidental means, receive bodily injuries which shall solely and exclusively cause death or disability: * *

"2. $5,000 if killed by accident."

The contract of insurance therefore expressly provides that the benefits to be received shall be those which are provided by the Constitution at the time the accident occurs from which a claim for benefits arises.

I am satisfied that the above statement of the benefits to be received, read in connection with the other part of the contract, could not be changed from $5,000 except by a change in the constitution.

However, the stipulation of facts shows that there was such a change in the constitution, as article XI, section 1, provides: "* * * Death benefits provided for the beneficiary of a Class A member shall, when said Class A member has passed the 70th anniversary of his birth, be reduced to a sum not to exceed $2500.00."

It was agreed at the trial that the insured at the time of his death had so passed the 70th anniversary of his birth.

This is an entirely different situation from the facts presented by the cases relied upon by the plaintiff. Here the contract not only provided that in the event of insured's death after 70 years of age the beneficiary should receive not more than $2,500, but the insured over his own signature agreed to such a reduction.

 The clerk will therefore enter judgment for the plaintiff as against the defendant for the sum of $2,500, with 5 per cent. interest from October 20, 1936, to October 4, 1937, and all costs of suit to October 4, 1937. Plaintiff excepts. And judgment against the plaintiff for all costs of this suit incurred subsequent to October 4, 1937. Plaintiff excepts.